IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **CLIFFORD J. DAVLIN,** | ) | **CASE NO. 8:09CV460** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **DENNIS BAKEWELL, et al.,** | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on Petitioner Clifford J. Davlin's ("Davlin") Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) Respondents filed an Answer (Filing No. 17), Brief on the merits of the Petition (Filing No. 18), Reply Brief (Filing No. 22), and relevant State Court Records (Filing Nos. 11 and 16). Davlin filed a Brief in response to the Answer. (Filing No. 20.) This matter is therefore deemed fully submitted.

Liberally construing the allegations of Davlin's Petition, he argues that he entitled to a writ of habeas corpus because:

Claim One: Petitioner was denied due process of law and the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments *because* Petitioner's trial counsel failed to "formulate and develop an adequate alibi defense" and failed to present evidence such as toxicology reports and supplemental police reports to contradict the prosecution's theory of the case ("Claim One").

Claim Two: Petitioner was denied due process of law and the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments *because* Petitioner's appellate counsel failed to raise the issues set forth in Claim One on direct appeal and failed to "fully investigate and review the trial files" including the toxicology reports and supplemental police reports ("Claim Two").

(Filing No. 1.)

### I. BACKGROUND

#### A. Davlin's Conviction and Direct Appeal

On February 5, 2005, a jury found Davlin guilty of one count of second degree murder.[1] (Filing No. 11-5, Attach. 5, at CM/ECF p. 43.) Davlin was thereafter sentenced to serve a prison term of life imprisonment on that conviction. (*Id.* at CM/ECF pp. 55-56.) Davlin filed a timely direct appeal arguing, among other things, Claim One. (Filing No. 11-2, Attach. 2, at CM/ECF pp. 1-67.) The Nebraska Supreme Court affirmed Davlin's conviction and sentence on August 4, 2006. *State v. Davlin*, 719 N.W.2d 243, 243 (Neb. 2006) ("*Davlin I*").[2]

#### B. Davlin's Post Conviction Motion and Appeal

On September 26, 2006, Davlin filed a verified motion for postconviction relief in the Lancaster County District Court. (Filing No. 11-11, Attach. 11, at CM/ECF pp. 45-71.) Davlin thereafter filed an addendum, and a second amended verified motion for postconviction relief (together, the "Post Conviction Motion"). (*Id.* at CM/ECF pp. 72-127.) Liberally construed, the Post Conviction Motion set forth, among other things, Claims One and Two. (*Id.*) The Lancaster County District Court declined to hold an evidentiary hearing

---

[1] This trial took place after the Nebraska Supreme Court reversed Davlin's previous conviction for second degree murder. *Davlin I*, 719 N.W.2d at 250. In his first trial, a jury also found Davlin guilty of one count of arson. None of the issues raised in the Petition relate to Davlin's first conviction for second degree murder or to his arson conviction. (Filing No. 1.) As such, the court sets forth only the details relating to Davlin's second trial and conviction.

[2] Respondents included copies of the Nebraska Supreme Court's opinions in this matter in the State Court Records. (Filing Nos. 11-1, Attach. 1, at CM/ECF pp. 1-13; 11-7, Attach. 7, at CM/ECF pp. 1-13.) For ease of reference, the court will refer to the published opinions.

2

and denied relief on all Claims. (Filing No. 11-12, Attach. 12, at CM/ECF pp. 1-3.) Davlin filed a timely appeal of the denial of post conviction relief. On appeal, Davlin assigned several errors, encompassing both Claims One and Two. (Filing No. 11-8, Attach. 8, at CM/ECF pp. 1-56.) On June 19, 2009, the Nebraska Supreme Court affirmed the Lancaster County District Court's denial of post conviction relief in a detailed opinion. *State v. Davlin*, 766 N.W.2d 370, 370 (Neb. 2009) ("*Davlin II*"). Details of the Nebraska Supreme Court's opinion are set forth where necessary in the court's analysis below. On December 21, 2009, Davlin timely filed his Petition in this court. (Filing No. 1.)

## II. ANALYSIS

### A. Standard of Review

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the facts and the law. *See* 28 U.S.C. § 2254(d). With regard to the deference owed to factual findings of a state court's decision, a federal court is bound by those findings unless the state court made a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Further, section 2254(d)(1) states that a federal court may not grant a writ of habeas corpus unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in *Williams*

3

*v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. *Id.* at 399. Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006). This high degree of deference only applies where a claim has been adjudicated on the merits by the state court. *See Brown v. Luebbers*, 371 F.3d 458, 460-61 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

    **B.    The *Strickland* Standard**

Davlin argues in both of his Claims that he received ineffective assistance of counsel. Claims of ineffective assistance of counsel are reviewed under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668, 694 (1984). *Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense. *Id.* at 687; *see also Bryson v. United States*, 268 F.3d 560 (8th Cir. 2001); *Williamson v. Jones*, 936 F.2d 1000, 1004 (8th Cir. 1991).

The first prong of the *Strickland* test requires the petitioner to demonstrate that his attorney failed to provide reasonably effective assistance. *Strickland*, 466 U.S. at 687-88. In conducting such a review the courts "indulge a strong presumption that counsel's

4

conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second prong requires the petitioner to demonstrate "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Hubbeling v. United States*, 288 F.3d 363, 365 (8th Cir. 2002). A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (quoting *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988)). Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation are virtually unchallengeable" in a later habeas corpus action. 466 U.S. at 689.

Additionally, the Supreme Court has very recently emphasized that the deference due the state courts applies with vigor to decisions involving ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1418-20 (2009) (reversing the Ninth Circuit Court of Appeals and holding that the decision of the California Court of Appeals, that the defendant was not deprived of effective assistance of counsel when his attorney recommended withdrawing his insanity defense during second phase of trial, was not contrary to or an unreasonable application of clearly established federal law; also concluding, among other things, that there was no reasonable probability that, but for counsel's alleged unprofessional error, the result of the proceeding would have been different).

In *Knowles*, the Justices stressed that under the *Strickland* standard, the state courts have a great deal of "latitude" and that "leeway" presents a "substantially higher threshold" for a federal habeas petitioner to overcome. Thus:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable-a substantially higher threshold." *Schriro, supra*, at 473, 127 S. Ct. 1933. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

*Id.* at 1420.

**C. Davlin's Claims**

*1. State Court Findings*

In its opinion denying post conviction relief, the Nebraska Supreme Court addressed Claims One and Two on the merits[3] and denied relief on both claims. *Davlin II*, 766 N.W.2d at 380. For the first part of his Claim One, Davlin argues that his trial counsel was ineffective because he did not pursue the testimony of two witnesses which would have provided him with an "alibi defense." (Filing No. 1.) Regarding that portion of Claim One, the Nebraska Supreme Court stated:

> Davlin's first argument-that trial counsel was ineffective with respect to his failure to subpoena and/or produce the testimony of Guilliatt and Davis-is without merit. In fact, a review of the record demonstrates that trial counsel actually requested a continuance in order to attempt to locate the witnesses and had subpoenas issued which could not be served because the witnesses could not be located. We conclude that because trial counsel actually did what he is now accused of not doing, his performance could not have been deficient.

---

[3]Davlin also raised Claim One on direct appeal in order to preserve the Claim. However, the Nebraska Supreme Court declined to address Claim One on direct appeal because the record was insufficient. *Davlin I*, 719 N.W.2d at 262-63. Noting its previous election not to address Claim One, the Nebraska Supreme Court addressed the Claim in *Davlin II*. 766 N.W.2d at 375.

6

*Id*. The Nebraska Supreme Court also determined that any claim relating to Davlin's trial counsel's failure to introduce these witnesses' testimony from the first trial was without merit.[4] *Id.*

For the second part of his Claim One, Davlin argues that his trial counsel was ineffective because he did not introduce toxicology and other evidence showing that the victim was not strangled, as the prosecution stated. The Nebraska Supreme Court also rejected this part of Claim One on the merits, finding:

> Because of this overwhelming evidence that [the victim] was dead prior to the fire, we conclude that Davlin was not prejudiced by any failure of trial counsel to pursue Davlin's suggested defense. We further note that Davlin is essentially arguing that his trial counsel was ineffective for failing to pursue a defense that suggested Davlin did not strangle the victim, but instead set her on fire. We fail to see how Davlin could have been prejudiced by his trial counsel's failure to pursue such a theory.

*Id.* at 378-79.

Likewise, regarding Davlin's Claim Two, that he received the ineffective assistance of appellate counsel, the Nebraska Supreme Court stated that:

> When, as here, the case presents layered ineffectiveness claims, we determine the prejudice prong of appellate counsel's performance by focusing on whether trial counsel was ineffective under the *Strickland* test. If trial counsel was not ineffective, then the defendant suffered no prejudice when appellate counsel failed to bring an ineffective assistance of trial counsel claim. If trial counsel was ineffective, then the defendant suffered prejudice when appellate counsel failed to bring such a claim. We must then consider whether appellate counsel's failure to bring the claim qualifies as a deficient performance under *Strickland*. In other words, we examine whether the claim's merit was so compelling that appellate counsel's failure to raise

---

[4]Davlin also claims that his trial counsel's failure to subpoena and call these two witnesses violated the Nebraska state law requiring "compulsory process." (Filing No. 20 at CM/ECF pp. 13-15.) It does not appear that the Nebraska state courts addressed this issue. Regardless, that claim is not cognizable in a federal court habeas action, as it involves questions of state law. *Lupien v. Clarke*, 403 F.3d 615, 619 (8th Cir. 2005)

7

> it amounted to ineffective assistance of appellate counsel. If it was, then the defendant suffered ineffective assistance of appellate counsel. If it was not, then the defendant was not denied effective appellate counsel.

*Id.* at 376-77. Applying these principles, the Nebraska Supreme Court determined that Davlin's claims that his trial counsel was ineffective were without merit, and therefore also determined that his appellate counsel "could not have been ineffective" for failing to raise those claims. *Id.* at 377-79. In summary, the Nebraska Supreme Court concluded that Davlin was not prejudiced by any alleged deficiency in his trial counsel or appellate counsel's performance and that he was not entitled to post conviction relief. *Id.* at 380.

        2.     Deference

As set forth above, the foregoing findings of fact and conclusions of law by the Nebraska Supreme Court are entitled to substantial deference under the statutory standard of review that applies to factual and legal conclusions reached by the state courts. This court has carefully reviewed the record in this matter and finds that the Nebraska Supreme Court decision denying Davlin's Claims are not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Davlin has not submitted any evidence, let alone clear and convincing evidence, that the Lancaster County District Court or the Nebraska Supreme Court was incorrect in any of its factual or legal determinations. 28 U.S.C. § 2254(e)(1). In short, both of Davlin's Claims were adjudicated on the merits by the Nebraska Supreme Court and the grant of a writ of habeas corpus is not warranted here because the Nebraska state courts reasonably applied *Strickland* and other Supreme Court holdings in reaching their decision. In light of these findings, Davlin's Petition is dismissed in its entirety.

IT IS THEREFORE ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (Filing No. 1) is dismissed with prejudice; and

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 26th day of July, 2010.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

9